**UNITED STATES PUBLIC INTEREST RESEARCH GROUP et al.,**
**Plaintiffs**

v.

**ATLANTIC SALMON OF MAINE, LLC, Defendant**

**No. CIV. 00–151–B–C.**

United States District Court,
D. Maine.

March 10, 2004.

Bruce M. Merrill, Portland, ME, David A. Nicholas, National Environmental Law Center, Boston, MA, Charles C. Caldart, National Environmental Law Center, Seattle, WA, Joseph J. Mann, Joshua R. Kratka, National Environmental Law Center, Boston, MA, for United States Public Interest Research Group, Stephen E Crawford, Charles Fitzgerald, Plaintiffs.

Jeffrey A. Thaler, Bernstein, Shur, Sawyer, & Nelson, Peter W. Culley, Pierce, Atwood, Elizabeth R. Butler, Pierce, Atwood, Gregory M. Cunningham, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, Richard E Schwartz, Crowell & Moring, Washington, DC, for Atlantic Salmon of Maine, LLC, Defendant.

Charles A. Harvey, Jr., Harvey & Frank, Portland, ME, for Biotechnology Industry Organization.

Michael A. Nelson, Jensen, Baird, Gardner & Henry, Portland, ME, for Heritage Salmon Inc.

### ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT

GENE CARTER, Senior District Judge.

On February 3, 2004, Plaintiffs filed a Motion to Hold Atlantic Salmon of Maine, LLC ("ASM") in Contempt after ASM failed to submit all of the genetic evaluation information for its salmon broodstock to the federal government as required by its Maine Pollutant Discharge Elimination System ("MPDES") permit. *See* Docket Item No. 164. In their motion, Plaintiffs

requested that the Court (1) find ASM in civil and criminal contempt, (2) order ASM to conduct the required genetic tests and submit the results to the appropriate federal agencies, and (3) impose appropriate sanctions both to compel compliance and to deter further misconduct.

▮▮▮ ASM's General Permit for Atlantic Salmon Aquaculture ("the general permit") requires that by December 31 of each year, it must submit certain genetic evaluation information regarding its broodstock to the U.S. Fish & Wildlife Service and/or the National Marine Fisheries Service ("the Services").[1] On December 29, 2003, Steve Page, ASM's General Manager and Compliance Officer at Fjord Seafood, ASM's parent company, wrote to the U.S. Fish & Wildlife Service and to the Maine Department of Environmental Protection to inform them that ASM would not be submitting all the genetic evaluation data by December 31, 2003, as required by the general and individual MPDES permits. At that time, Mr. Page explained that ASM would not submit the data in the timeframe required in its permits because its parent company, Fjord Seafood, was considering selling ASM and had "been reluctant to spend the money necessary to complete the additional genetic testing necessary."[2] Exhibit D to Declaration of Joshua Kratka (Docket Item No. 165). On February 17, 2004, ASM complied with the requirement that it submit the genetic data to the Services. *See* Exhibit C to Declaration of Steve Page (Docket Item No. 171).

ASM's present substantial compliance has obviated the need for coercive civil contempt action by this Court. However, Plaintiffs continue to argue that the Court should find ASM in criminal contempt of this Court's May 28, 2003, Order. Specifically, Plaintiffs contend that ASM's failure to comply with the permit deadline was willful. The Court finds, however, that although ASM was clearly in violation of this Court's Order of May 28, 2003, such violation was technical in nature and resulted more from lack of mental discipline in attention to time constraints on Mr. Page's part than to any deliberate intent to violate the Court's Order.

ASM should continue to understand that this Court will require it to operate in strict compliance with the requirements of its general and pollution discharge permits *as lawfully modified or amended.* ASM cannot expect that excuses for departures from these requirements will be recognized by the Court as acceptable unless it has received in advance approval in accordance with the procedural requirements of the permits and the law generally. Nor should ASM expect, in view of the dismal past history in this case of federal and state agency enforcement action, that the Court will tolerate justification of such violations that are based on lax agency action. The burden remains, at all times, on ASM to comply with these requirements, and it must do so regardless of any economic burden imposed upon it by such compliance.

1. At least two of ASM's facilities are governed by the general permit. In addition, at least one of ASM's facilities is governed by an individual MPDES permit. The individual MPDES permit includes provisions regarding the submission of genetic evaluation information identical to ASM's general permit.

2. The Court notes with some wonder that ASM asserts in its brief that Mr. Page's stated reason is inaccurate. See Memorandum of Law and Supporting Documents for Atlantic Salmon of Maine, LLC in Opposition to Plaintiffs' Motion for Contempt (Docket Item No. 169) at 4. Why Mr. Page, acting in good faith, would have given an inaccurate reason for ASM's inability to comply is unexplained.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Hold Atlantic Salmon of Maine, LLC in Contempt be, and it is hereby, **DENIED.** It is further **ORDERED** that Plaintiffs' request for attorneys' fees and expenses be, and it is hereby, **DENIED.**